UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CLIPPERCREEK, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>INTELLIGRATED SYSTEMS, LLC, a Delaware limited liability; HONEYWELL INTERNATIONAL, INC., a Delaware corporation, DEPOSCO, INC., a Georgia corporation, and DOES 1 through 50, inclusive,<br><br>    Defendant. | No. 2:19-cv-01341 WBS KJN<br><br>ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO TRANSFER VENUE |

----oo0oo----

Plaintiff Clippercreek, Inc. ("Clippercreek") brings this action against defendants Intelligrated Systems, LLC ("Intelligrated"), Honeywell International, Inc. ("Honeywell"), Deposco, Inc. ("Deposco"), and Does 1 through 50, alleging that defendants fraudulently induced plaintiff into a contract for specialized custom technology and subsequently failed to perform

1

their obligations under the agreement. Before the court are defendants' motions to dismiss, or, in the alternative, to transfer venue. (Docket Nos. 29, 30).

I. Factual Allegations and Procedural Background

Clippercreek manufactures and sells electric vehicle charging stations. (Compl. ¶ 19.) Honeywell purchased Intelligrated in 2016. (Compl. ¶ 20.) In late 2017 to early 2018, Honeywell partnered with Deposco to sell integrated warehouse management solutions, order management solutions, and material handing solutions to Clippercreek. (Compl. ¶ 23.) Defendants toured Clippercreek's headquarters to study plaintiff's manufacturing process. (Compl. ¶ 24.) Defendants then held a series of marketing and sales meetings where they represented that defendants could design an automated system that could be integrated into Clippercreek's manufacturing, material management, and internet sales systems. (Compl. ¶ 25.)

The parties subsequently entered into a contract consisting of three documents: (1) the Master Technology Agreement ("MTA"), (2) the Sales Agreement, and (3) the Intelligrated Proposal FQ-18-51002. (Compl. ¶¶ 28-30.) The MTA included a forum-selection clause. (Compl. Ex. 1, at 13, ¶ 18.2.) The clause requires the parties to bring any action under the agreement in the Southern District of Ohio. (Id.) Pursuant to the contract, plaintiff paid defendants a deposit. (Compl. ¶ 40.)

Prior to and after signing the contract, defendants assured plaintiff that defendants' product would integrate Clippercreek's manufacturing requirements. (Compl. ¶¶ 33, 35,

2

38.) For example, after the contract was signed, defendants assured plaintiff that the system would have the ability to auto-generate serial labels. (Compl. ¶ 37.) When Deposco sent its engineers to Clippercreek's headquarters to integrate the technology, however, the engineers told plaintiff that the system would not be able to perform some of the "essential requirements for manufacturing." (Compl. ¶ 45.) Two days after Deposco sent its engineers to plaintiff's headquarters, Clippercreek notified defendants of its immediate rescission of the contract. (Compl. ¶ 52). Plaintiffs demanded a return of the deposit, but defendants refused to comply with the demand. (Compl. ¶¶ 52, 56.)

Plaintiff then filed this action alleging the following six claims under California state law: (1) rescission by mutual and/or unilateral mistake, (2) rescission by lack of consideration, (3) rescission by fraud, (4) negligent misrepresentation, (5) breach of contract, and (6) unfair competition, pursuant to California Business & Professions Code § 17200 et seq. Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, transfer the case to the Southern District of Ohio, pursuant to 28 U.S.C. § 1404(a), in accordance with the agreement's forum-selection clause.[1]

II. Validity of Forum-Selection Clause

---

[1] Plaintiff filed its Opposition to each motion one day after the deadline of December 30, 2019. (Docket Nos. 33, 34.) Defendants request for the court to construe plaintiff's delay as a non-opposition to defendants' motions. (Docket Nos. 36, 37.) A one-day delay does not prejudice defendants, so the court will consider the plaintiff's opposition.

3

Forum selection clauses "are presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)); see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 63 (2013) ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."). The party opposing the enforcement of a forum selection clause has the "heavy burden" of showing that it is "'unreasonable' under the circumstances." Bremen, 407 U.S. at 10, 18. A forum selection clause is unreasonable under three circumstances: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; [or] (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Murphy, 362 F.3d at 1140 (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir.1998)).

Plaintiff does not contend that enforcement of the clause would contravene California public policy. The court therefore evaluates only the first two exceptions to the enforcement of forum-selection clauses.

1. Fraud and Overreaching

Plaintiff argues that "[t]he [complaint] makes a strong showing that . . . the MTA containing the forum-selection clause . . . was affected by fraud, undue influence and a huge differential in bargaining power." (Pl.'s Opp. to Mot. to

4

Dismiss at 14 (Docket No. 33).)

Plaintiff's allegations are insufficient to decline enforcement of the forum-selection clause on the grounds of fraud. "For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product of fraud or coercion.'" Richards, 135 F.3d at 1297 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 518 (1974)). To do so, a party "must show that the inclusion of the clause itself into the agreement was improper; it is insufficient to allege that the agreement as a whole was improperly procured." Mahoney v. Depuy Orthopaedics, Inc., No. 2:7-cv-1321 AWI SMS, 2007 WL 3341389, at *7 (E.D. Cal. Nov. 8, 2007); see also Scherk, 417 U.S. at 519 n. 14 (The fraud exception in Bremen "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable."); Richards, 135 F.3d at 1297 ("[S]imply alleging that one was duped into the signing of the contract is not enough.").

Here, the complaint alleges that defendant fraudulently induced plaintiff into signing the MTA. The complaint does not, however, allege that defendant fraudulently introduced the forum-selection clause into the agreement. Indeed, the complaint does not even mention the forum-selection clause. Plaintiff therefore cannot avoid enforcement of the clause on the grounds of fraud. Cf. Richards, 135 F.3d at 1297 (finding that a forum-selection clause was not the product of fraud where plaintiff made "no allegations as to the inclusion of the choice clauses themselves").

5

Moreover, "[t]he Ninth Circuit has made it clear that neither power differential between the parties or the non-negotiability of a contract are sufficient to invalidate a forum selection clause." E. & J. Gallo Winery v. Andina Licores S.A., 440 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006) (Ishii, J.) (citing Murphy, 362 F.3d at 1141). Accordingly, the exception to the enforcement of a forum-selection clause for fraud and overreaching does not apply here.

   2.   Deprivation of Day in Court

To avoid enforcement of a forum selection clause for deprivation of day in court, "trial in the contractual forum [must] be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." Bremen, 407 U.S. at 18. The Ninth Circuit has held that a plaintiff's "physical and financial limitations" could show such a deprivation. Murphy, 362 F.3d at 1143. Allegations of such limitations, including allegations related to "travel costs, availability of counsel . . ., location of witnesses, or [plaintiff's] ability to bear such costs and inconvenience" must be "specific." Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 869 (9th Cir. 1991).

Plaintiff argues that litigation in the Southern District of Ohio is unreasonable because (1) the single owner of Clippercreek would have to travel "thousands of miles" for trial, (2) the cost for witnesses to travel would be "prohibitive," (3) subpoena power under Federal Rule of Civil Procedure 45(c)(1)(A) would not reach "essential" witnesses, (4) plaintiff "would not be able to show the trier of fact Plaintiff's manufacturing and

production site in Auburn, CA," and (5) some of plaintiffs' claims (e.g., violation of California's unfair competition law) are not available in Ohio. (Pl.'s Opp. to Honeywell/Intelligrated Mot. to Dismiss at 14.). The court considers each in turn.

Plaintiff's first two allegations related to the ability to travel are not sufficiently specific for the court to find that enforcement of the clause would deprive plaintiff of its day in court. In Murphy v. Schneider National, Inc., the Ninth Circuit evaluated a forum-selection clause in an employment contract that required plaintiff, a resident of Oregon, to litigate all claims under the contract in Wisconsin. 362 F.3d at 1142-43. The court found that plaintiff's "financial troubles and physical limitations would bar him from litigating his claim" in Wisconsin. Id. at 1143. The plaintiff in Murphy submitted an affidavit wherein plaintiff disclosed in detail his income, outstanding bills, and credit card debt. Id. at 1142. He also detailed his physical injuries that "prevent[ed] him from sitting in a position of limited mobility for more than one hour" and "impair[ed] his ability to drive." Id. The Murphy plaintiff also explained why his wife would not be able to drive him to Wisconsin. Id. Taken together, the court found that enforcement of the clause would deprive plaintiff of his day in court. Here, by contrast, plaintiff Clippercreek merely states that the trip would be long, and the costs would be "prohibitive." Such allegations are not sufficiently specific to conclude that plaintiff would not be able to litigate in Ohio.

Plaintiff's allegations about the inability to subpoena

7

essential witnesses are similarly conclusory.  Plaintiff does not identify who these witnesses are or where they are located.  See Spradlin, 926 F.2d 865, 869 (9th Cir. 1991).  Importantly, plaintiff does not allege that those witnesses must be physically present for plaintiff to pursue the action.  Cf. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 327 (9th Cir. 1996) ("[E]ven if [plaintiff]'s fear of returning to Mexico is genuine, [plaintiff] do[es] not provide any information showing that [plaintiff]'s physical presence in Mexico is required to pursue the civil action.").

Plaintiff's assertion that transferring the action to Ohio would prevent plaintiff from showing the jury plaintiff's manufacturing site is likewise insufficient.  The evidence that would be presented in California and Ohio would be the same: plaintiff can rely on experts and pictures to fully describe the site.  Further, the court is not aware of any authority requiring a jury field trip for a plaintiff to pursue litigation, and, at any rate, this court is unlikely to consider such an option if requested.

Finally, plaintiff's allegation that plaintiff would not be able to pursue numerous causes of action in Ohio also does not establish that plaintiff would be deprived of their day in court.  The prescribed forum need not be identical to plaintiff's preferred forum -- it need only provide plaintiff with "a meaningful day in court."  Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984); id. at 325.  Plaintiff could bring breach of contract or negligence claims that may entitle plaintiff to relief similar to that

sought in California.[2]  Because plaintiff has failed to carry the "heavy burden of showing that the trial in [Ohio] would be so difficult and inconvenient that [plaintiff] would effectively be denied a meaningful day in court," the court finds that the forum-selection clause at issue is enforceable.

III. Motion to Transfer Venue

In deciding a § 1404(a) motion to transfer pursuant to a forum-selection clause, "a district court may consider arguments about public-interest factors only." Atl. Marine, 571 U.S. at 64. The Supreme Court has made it clear that the "plaintiff's choice of forum merits no weight." Id. Instead, plaintiff must "establish[] that transfer to the forum for which the parties bargained is unwarranted." Id. at 63. Further, when a plaintiff has agreed to a forum-selection clause, he may not "challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. Because the Supreme Court has so limited a party's ability to challenge a forum-selection clause, district courts may deny enforcement of the clause only in "unusual cases." Id.

Plaintiff does not offer reasons additional to those above for the court to deny the transfer of this action to the Southern District of Ohio. The Supreme Court's decision in Atlantic Marine explicitly forecloses consideration of all of plaintiff's arguments because all relate to the convenience of

---

[2] The MTA includes a choice-of-law provision that mandates the application of Ohio state law. (Compl. Ex. 1, at 13, ¶ 18.2.)  Plaintiff has not provided any reason why the laws of Ohio would deprive plaintiff of all possible relief.

the forum and none concern the public interest. See 571 U.S. at 581-583. Accordingly, the court will enforce the forum selection clause and transfer the action.

The court declines defendants' invitation to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3). (Mot. to Dismiss at 6-7 (Docket No. 30).) Rule 12(b)(3) permits the court to dismiss a case based on improper venue. "[A] forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3)." Atl. Marine, 571 U.S. at 59. Rule 12(b)(3) therefore "[is] not [a] proper mechanism[] to enforce a forum-selection clause." Id. at 61.

The appropriate vehicle to enforce the clause at issue is § 1404(a). The Supreme Court held that the only "appropriate enforcement mechanisms" are § 1404(a) and the forum non conveniens doctrine. Id. Section 1404(a) applies where, as is the case here, the forum-selection clause points to another federal court. Id. at 60.

When considering a § 1404(a) motion involving a valid forum-selection clause, the "district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62. "Only under extraordinary circumstances . . . should a § 1404(a) motion be denied." Id. The court has concluded that such circumstances do not exist here. Accordingly, transfer, and not dismissal, is proper.

IT IS THEREFORE ORDERED that defendants' motions to transfer venue (Docket Nos. 29, 30) be, and the same hereby are,

10

GRANTED.[3]

This action is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio.

Dated: January 14, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Because the court has chosen to transfer the case, the court does not reach defendants' Rule 12(b)(6) challenges to the sufficiency of the complaint.